IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DIANE BATES,

    Plaintiff,

v.          CIVIL ACTION NO. 2:12-cv-02020

ETHICON, INC., et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is a Motion for Summary Judgment [ECF No. 51] and an Alternative Motion for Summary Judgment [ECF No. 54] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion [ECF No. 51] is **DENIED** and its Alternative Motion [ECF No. 54] is **GRANTED in part** and **DENIED in part**.

I. **Background**

This action involves an Ohio plaintiff who was implanted with Prolift, a mesh product manufactured by Ethicon. Stipulated Am. Short Form Compl. [ECF No. 34] ¶¶ 1–9. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven

MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Nov. 20, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 2 case."

## II.  Legal Standards

### A.  Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

## B. Choice of Law

The parties agree, as does this court, that Ohio law applies to the plaintiff's claims. To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). The plaintiff originally filed this action in Ohio. Thus, the choice-of-law

principles of Ohio guide this court's choice-of-law analysis.

Ohio follows the "most significant relationship" test, as outlined in section 145 of the Restatement (Second) of Conflict of Laws, in determining choice of law questions. *Morgan v. Biro Mfg. Co., Inc.*, 474 N.E.2d 286, 288–89 (Ohio 1984). Section 145 directs courts to consider four factors: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile of the parties, and (4) the place where the parties' relationship is centered. *Id.* Here, the implantation surgery that allegedly resulted in Ms. Bates' injuries took place in Ohio. Ms. Bates also resides in Ohio and received medical care for her alleged injuries in Ohio. Accordingly, Ohio's substantive law governs this case.

## III.     Analysis

Ethicon argues it is entitled to summary judgment because the plaintiff's claims are without evidentiary or legal support.

### A. Motion for Summary Judgment [ECF No. 51] – Statute of Limitations

The Court **FINDS** that genuine disputes of material fact exist regarding whether the plaintiff's claim was timely under Ohio statutes of limitations. Accordingly, Ethicon's Motion for Summary Judgment is **DENIED**.

### B. Alternative Motion for Summary Judgment [ECF No. 54]

The Ohio Products Liability Act ("OPLA") is Ohio's statutory vehicle for product liability actions. *See Wimbush v. Wyeth*, 619 F.3d 632, 639 (6th Cir. 2010) (applying Ohio law). In an attempt to streamline product liability claims, a 2005

4

amendment to the OPLA expressly eliminated "all common law product liability claims or causes of action." Ohio Rev. Code § 2307.71(B); *Wimbush* , 619 F.3d at 639. Both negligence and gross negligence are common law claims that have been abrogated by courts applying Ohio law. *See Jones v. Staübli Motor Sports Div. of Staübli Am. Corp.*, 897 F. Supp. 2d 599, 618 (S.D. Ohio 2012) (dismissing negligence and gross negligence claim); *Miller v. ALZA Corp.*, 759 F. Supp. 2d 929, 943 (S.D. Ohio 2010) (dismissing negligence). In addition, the plaintiff has not opposed summary judgment on her common law claims. Accordingly, Ethicon's Alternative Motion as to Count I (negligence) and Count XIV (gross negligence) is **GRANTED**.

### C.  All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by Ethicon. Accordingly, Ethicon's Alternative Motion as to all remaining claims is **DENIED**.

## IV.   Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion [ECF No. 51] is **DENIED**. Ethicon's Alternative Motion [ECF No. 54] is **GRANTED in part** and **DENIED in part**. Ethicon's Alternative Motion is **GRANTED** with regard to the following claims: Count I (negligence) and Count XIV (gross negligence). Ethicon's Alternative Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    March 15, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6